UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA ALELI GALVAN,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et. al,<br><br>Respondent. | Case No. 2:26-cv-02361-TMC<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Before the Court is self-represented petitioner Patricia Aleli Galvan's petition for writ of habeas corpus. Dkt. 1. Galvan is detained at the Northwest Immigration and Customs Enforcement Immigration Processing Center ("NWIPC") and seeks immediate release from Respondents' custody. *Id.* at 3. For the following reasons, the petition is DENIED.

## II. BACKGROUND

Galvan, a citizen of Mexico, became a lawful permanent resident on October 13, 2017. Dkt. 8 ¶¶ 4–5. In July 2024, Galvan was convicted in federal court of "conspiracy to possess with intent to distribute heroin" and "possession with intent to distribute heroin." *Id.* ¶ 6. After Galvan served the custodial portion of her sentence, the Bureau of Prisons released her to Immigration and Customs Enforcement, who ultimately transferred her to the NWIPC on

January 21, 2026. *Id.* ¶¶ 7–8. On May 4, 2026, Galvan was ordered removed to Mexico but "was granted deferral of removal under the regulations implementing the convention against torture." *Id.* ¶¶ 9, 11. The removal order became final on June 3, 2026. *Id.* ¶ 11. The instant petition was filed on July 2, 2026. Dkt. 1. Respondents filed their response on July 21. Dkt. 6. Galvan filed a reply on August 11, which the Court agreed to consider. Dkt. 10, 12.

## III. LEGAL STANDARDS

Writs of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

Galvan argues that her detention has become unconstitutional because it has exceeded five months. Dkt. 1 at 3. In response, Respondents argue that Galvan's detention is lawful because her "detention is governed by 8 U.S.C. § 1231(a)(2)" and it has not surpassed the presumptively reasonable six-month period under *Zadvydas*. Dkt. 6 at 5–7 (citing *Zadvydas v. Davis*, 533 U.S. 678, 700–01 (2001)). The Court agrees that at this time, Galvan's detention remains lawful under the Immigration and Nationality Act ("INA") as construed in *Zadvydas*.

First, Galvan's detention is lawful under 8 U.S.C. § 1231(a)(2). Because Galvan did not appeal her removal order, it became final on June 3, 2026. Under 8 U.S.C. § 1231(a)(1)(A), Respondents "shall" remove Galvan from the United States "within a period of 90 days." This period will end on September 1, 2026. Respondents are also required to detain Galvan during this "removal period." 8 U.S.C. § 1231(a)(2)(A).

Second, despite her additional period of detention before her final removal order, Galvan's detention is not unlawful under *Zadvydas*. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

This presumptively reasonable period applies to detention under § 1231(a) after a removal order has become final. Galvan's detention has not exceeded that period. Federal Respondents state in a supporting declaration that "DHS intends to remove Petitioner to a third country and is actively looking for one that will accept her." Dkt. 8 ¶ 15. If more than six months passes from entry of Galvan's final removal order and the government has not made realistic progress towards this goal, Galvan could potentially bring a successful claim for release under *Zadvydas*. But she cannot yet make that showing. Additionally, Galvan's current petition does not make any claims challenging her potential third-country removal. While those claims could also be brought in a later petition, they are not before the Court now.

## V. CONCLUSION

For the reasons explained above, the petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of August, 2026.

Tiffany M. Cartwright
United States District Judge